No. 24-3060

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| CALEB BARNETT, BRIAN NORMAN, HOOD'S GUNS & MORE, PRO GUN AND INDOOR RANGE, and NATIONAL SHOOTING SPORTS FOUNDATION, INC., <br><br>Plaintiffs-Appellees, <br><br>v. <br><br>KWAME RAOUL, Attorney General of the State of Illinois, and BRENDAN F. KELLY, Director of the Illinois State Police, <br><br>Defendants-Appellants. | Appeal from the United States District Court for the Southern District of Illinois <br><br><br>No. 3:23-cv-00209-SPM <br><br><br><br>The Honorable STEPHEN P. McGLYNN, Judge Presiding. |

**DOCKETING STATEMENT**

Defendants-appellants Kwame Raoul, in his official capacity as Attorney General of Illinois, and Brendan F. Kelly, in his official capacity as Director of the Illinois State Police, hereby submit this docketing statement as required by 7th Cir. R. 3(c).

**A.    District Court Jurisdiction**

On January 24, 2023, plaintiffs-appellees filed this action in the district court under 42 U.S.C. § 1983, alleging that the Protect Illinois Communities Act, Pub. Act 102-1116 (2023) ("Act"), which regulates the sale, purchase, manufacture, delivery, and importation of assault weapons, violates the Second and Fourteenth Amendments to the United States

Constitution. Doc. 1 at 19-26.[1]  As defendants, they named Illinois Attorney General Kwame Raoul and Illinois State Police Director Brendan Kelly, in their official capacities. *Id.* at 5-6.

The district court had subject-matter jurisdiction over plaintiffs' action pursuant to 28 U.S.C. § 1331 because it raised a federal question.

B.  **Appellate Jurisdiction**

On November 8, 2024, the district court entered an opinion and order granting judgment in plaintiffs' favor on the claims against all defendants, Doc. 258, thereby disposing of all claims against all parties.  That same day, a separate judgment order was entered on the district court docket pursuant to Fed. R. Civ. P. 58.  Doc. 259.  No motion to alter or amend the judgment was filed.

The same day, defendants filed a notice of appeal, Doc. 260, and the appeal was docketed as No. 24-3060.  This court consolidated this appeal with *Harrel v. Raoul*, No. 24-3061, *Langley v. Kelly*, No. 24-3061, and *Federal Firearms Licensees of Illinois v. Pritzker*, No. 24-3062, for purposes of briefing and disposition.  7th Cir. Doc. 3.

This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  The notice of appeal was timely under 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a)(1)(A) because it was filed within 30 days of the judgment's entry.

Appellate jurisdiction is proper here notwithstanding the district court's failure to fully comply with Fed. R. Civ. P. 58 and 65.  *See* 7th Cir. Doc. 3.  Failure to comply with these rules does not deprive the court of jurisdiction.  *MillerCoors LLC v. Anheuser-Busch*

---

[1] Entries on the district court's docket are cited "Doc. __," and entries on this court's docket are cited "7th Cir. Doc. __."

*Companies, LLC*, 940 F.3d 922, 922 (7th Cir. 2019) (per curiam); *Calumet River Fleeting, Inc. v. Int'l Union of Operating Engineers, Loc. 150, AFL-CIO*, 824 F.3d 645, 650 (7th Cir. 2016). Rather, in a case in which jurisdiction arises under § 1291, the court has appellate jurisdiction so long as the "district court has . . . indicated its intent to finally dispose of all claims." *Wis. Cent. Ltd. v. TiEnergy, LLC*, 894 F.3d 851, 854 (7th Cir. 2018). That standard is met here: The district court issued an opinion and order after a bench trial that fully resolved plaintiffs' claims and entered a final judgment under Fed. R. Civ. P. 58. Doc. 259. There is thus no question that the case is over, and this court has jurisdiction. Defendants intend to address the court's question about whether a limited remand is appropriate for the purpose of clarifying the Rule 58 judgment and issuing a separate injunction that complies with Rule 65, *see* 7th Cir. Doc. 3, in a separate memorandum.

    **C.**    **Additional Items Required by 7th Cir. R. 3(c)**

This case was previously before this court on appeal from the district court's entry of a preliminary injunction as *Barnett v. Raoul*, No. 23-1825, and was resolved by this court in *Bevis v. City of Naperville*, 85 F.4th 1175 (7th Cir. 2023), *cert. denied sub nom. Harrel v. Raoul*, 144 S. Ct. 2491 (2024).

No parties or claims remain for disposition in the district court. All appellants named in their official capacities as public officeholders remain in those offices.

                                           Respectfully submitted,

                                           KWAME RAOUL
                                           Attorney General
                                           State of Illinois

                         By:     /s/ Megan L. Brown
                                          MEGAN L. BROWN
                                          Assistant Attorney General

115 South LaSalle Street  
Chicago, Illinois 60603  
(224) 204-9642 (office)  
(312) 415-6318 (cell)  
Megan.Brown@ilag.gov

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on November 15, 2024, I electronically filed this docketing statement with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system.

All participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ Megan L. Brown
MEGAN L. BROWN
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(224) 204-9642 (office)
(312) 415-6318 (cell)
Megan.Brown@ilag.gov