Nos. 24-3060, 24-3061, 24-3062, 24-3063 (consol.)

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| CALEB BARNETT, BRIAN NORMAN, HOOD'S GUNS & MORE, PRO GUN AND INDOOR RANGE, and NATIONAL SHOOTING SPORTS FOUNDATION, INC., | ) ) ) ) ) ) | Appeal from the United States District Court for the Southern District of Illinois |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 3:23-cv-00209-SPM |
| KWAME RAOUL, Attorney General of the State of Illinois, and BRENDAN F. KELLY, Director of the Illinois State Police, | ) ) ) ) ) | The Honorable STEPHEN P. McGLYNN, |
| Defendants-Appellants. | ) ) | Judge Presiding.[1] |

**MEMORANDUM**

Defendants-appellants Kwame Raoul, in his official capacity as Attorney General of Illinois, Brendan F. Kelly, in his official capacity as Director of the Illinois State Police, and JB Pritzker, in his official capacity as Governor of Illinois, hereby submit this memorandum in response to this court's November 14, 2024 order. 7th Cir. Doc. 3.[2] The court has jurisdiction over the appeal, but defendants agree that

---

[1] Together with *Harrel v. Raoul*, No. 24-3061; *Langley v. Kelly*, No. 24-3062; and *Federal Firearms Licensees of Illinois v. Pritzker*, No. 24-3063.

[2] Entries on the docket in *Barnett v. Raoul*, No. 3:23-cv-00209 (S.D. Ill.), are cited "Doc. __"; entries on the docket in *Federal Firearms Licensees of Illinois v. Pritzker*, No. 3:23-cv-00215 (S.D. Ill.) ("*FFL*"), are cited "*FFL* Doc. __"; and entries on this court's docket in *Barnett* are cited "7th Cir. Doc. __."

the district court did not fully comply with Rules 58 and 65 in entering judgment. The district court's opinion, however, makes sufficiently clear its intent to enter judgment against defendants on plaintiffs' remaining Second Amendment claims, and to enjoin defendants from enforcing the statutory provisions identified in the final paragraphs of the opinion. In defendants' view, a limited remand is thus unnecessary. But if this court does issue a limited remand for the sole purpose of permitting the district court to enter a compliant judgment and separate injunction, it should resolve defendants' motion for a stay pending appeal before doing so and or enter an administrative stay while the case is remanded.

This case is a constitutional challenge to the Protect Illinois Communities Act, Pub. Act 102-1116 ("Act"), which regulates the sale, purchase, manufacture, delivery, and importation of assault weapons, large capacity ammunition feeding devices, and other dangerous weapons and accessories. 720 ILCS 5/24-1(11), (14)-(16), 1.9(a)-(c), 1.10(a)-(c). As relevant here, four sets of plaintiffs brought suit alleging that the Act violated the Second Amendment and requesting injunctive relief. *See* Doc. 258 at 6-7. The district court issued a preliminary injunction, but this court reversed, vacating the court's injunction, *Bevis v. City of Naperville*, 85 F.4th 1175 (7th Cir. 2023), and the Supreme Court denied certiorari, *Harrel v. Raoul*, 144 S. Ct. 2491 (2024). The case then proceeded to judgment before the district court, culminating in a limited four-day bench trial.

On November 8, 2024, the district court issued an opinion and a separate judgment. Docs. 258, 259. The court held that plaintiffs had established that "the

provisions of PICA criminalizing the knowing possession of specific semiautomatic rifles, shotguns, magazines, and attachments are unconstitutional under the Second Amendment." Doc. 258 at 167. It thus granted plaintiffs' request for a permanent injunction, *id.* and stated:

> The State of Illinois is hereby ENJOINED from the enforcement of [the Act]'s criminal penalties in accordance with 720 [ILCS] 5/24-1(a)(14)–(16) (bump stocks and assault weapons); 5/24-1.9(a)–(h) (assault weapons and attachments); and 5/24-1.10(a)–(h) (large-capacity magazines) against all Illinois citizens, effective immediately. As the prohibition of firearms is unconstitutional, so is the registration scheme for assault weapons, attachments, and large-capacity magazines. Therefore, the State of Illinois is ENJOINED from enforcing the firearm registration requirements and penalties associated with entering false information on the endorsement affidavit for non-exempt weapons, magazines, and attachments previously required to be registered in accordance with 430 [ILCS] 65/4.1. This permanent injunction is STAYED for thirty (30) days. The Clerk of Court is DIRECTED to enter judgment in favor of the Plaintiffs.

*Id.* at 167-68. The court also approved entry of a separate judgment stating that, "the Court having rendered a decision, . . . judgment is entered in favor of" each of the named plaintiffs and against all defendants. Doc. 259 at 2-3.

To start, as defendants have explained, 7th Cir. Doc. 3 at 2-3, the court has jurisdiction over this appeal. Although the district court failed to fully comply with Rules 58 and 65 in entering judgment, failure to comply with these rules does not deprive this court of jurisdiction. *MillerCoors LLC v. Anheuser-Busch Companies, LLC*, 940 F.3d 922, 922 (7th Cir. 2019) (per curiam); *Calumet River Fleeting, Inc. v. Int'l Union of Operating Engineers, Loc. 150, AFL-CIO*, 824 F.3d 645, 650 (7th Cir. 2016). Rather, in a case in which jurisdiction arises under 28 U.S.C. § 1291, the court has appellate jurisdiction so long as the "district court has . . . indicated its intent to

3

finally dispose of all claims." *Wis. Cent. Ltd. v. TiEnergy, LLC*, 894 F.3d 851, 854 (7th Cir. 2018). That standard is met here: The district court issued an opinion and order after a bench trial that fully resolved plaintiffs' Second Amendment claims and entered a final judgment under Rule 58. Doc. 259. There is thus no question that the case is over, and this court has jurisdiction.

Defendants agree, however, that the district court failed to fully comply with Rules 58 and 65 in entering judgment. In defendants' view, however, these errors do not require a remand, because the court's opinion sufficiently reflects its intention to grant plaintiffs judgment on their Second Amendment claims and enjoin defendants from enforcing the identified provisions of the Act.

First, the district court failed to fully comply with Rule 58. Although the court issued a separate judgment, as required by Rule 58, *Gleason v. Jansen*, 888 F.3d 847, 852 (7th Cir. 2018), that judgment did not "provide the relief to which the prevailing party is entitled," *Cooke v. Jackson Nat'l Life Ins. Co.*, 882 F.3d 630, 631 (7th Cir. 2018). The judgment simply states that "judgment is entered" for plaintiffs and against defendants. Doc. 259 at 2-3. That is not sufficient to comply with Rule 58. *See Hyland*, 885 F.3d at 482 ("A judgment providing that '[j]udgment is entered' is circular.").

The district court also failed to fully comply with Rule 65. That rule requires an injunction to be set out in a "separate document," *MillerCoors*, 940 F.3d at 922, but no separate injunction was issued here. A Rule 65 injunction must also identify "exactly what the enjoined parties must or must not do," *Auto Driveaway Franchise*

4

*Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 676 (7th Cir. 2019), but the court's opinion purports to enjoin "the State of Illinois," rather than a specific defendant, from enforcing the identified provisions of the Act. Doc. 258 at 168.

That said, in defendants' view, these errors (in addition to not implicating this court's appellate jurisdiction, *supra* pp. 3-4) do not require a limited remand. The cases in which this court has issued a limited remand are generally those in which the district court's opinion and orders leave ambiguity about the parties' rights. *See, e.g.*, *Greenhill v. Vartanian*, 917 F.3d 984, 987 (7th Cir. 2019) (observing that the judgment "failed to resolve two subjects on which the parties' appellate briefs disagree," including "who receives the relief" and the scope of the relief itself); *Cooke*, 882 F.3d at 631 (noting that the judgment was "self-contradictory, declaring that [the plaintiff] is entitled to two forms of relief while also declaring that the case is 'dismissed with prejudice', which means that the plaintiff loses").

By contrast, here the district court's opinion appears sufficiently clear to permit the parties to understand their rights and obligations. The opinion reflects the court's intent to (a) grant plaintiffs judgment on their Second Amendment claims and (b) enjoin defendants from enforcing the following provisions of the Act on a statewide basis: 720 ILCS 5/24-1(a)(14)-(16), 5/24-1.9(a)-(h), 5/24-1.10(a)-(h), and 430 ILCS 65/4.1. *See* Doc. 258 at 167-68. Defendants understand the injunction (if it takes effect) to prohibit them from enforcing these provisions. If plaintiffs share that reading of the court's opinion, there is no need for a remand. *Cf. BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc.*, 912 F.3d 1054, 1059 (7th Cir. 2019) (describing

"the last paragraph of" the district court's opinion as the "injunction"); *Metzl v. Leininger*, 57 F.3d 618, 619 (7th Cir. 1995) (no remand where injunction is "set forth . . . in the body of the judge's opinion").[3]

If this court does issue a limited remand, however, it should ensure that the remand does not interfere with this court's ability to resolve the pending motion for a stay pending appeal, either by adjudicating that motion before issuing the remand or by entering an administrative stay while the case is remanded. Plaintiffs appear to agree to such a course, suggesting in their opposition to defendants' stay motion that it would "undoubtedly" be appropriate to "extend the 30-day stay if such a remand were to take place." 7th Cir. Doc. 11 at 21. So, the court should, at minimum, ensure that the district court's errors in entering judgment do not permit the injunction to take effect while this appeal proceeds.

---

[3] Likewise, defendants read the district court's opinion and prior orders to reflect its intent to (a) grant the *Langley* defendants judgment on counts I, IV, and VI of the *Langley* plaintiffs' complaint, Doc. 226 (granting defendants summary judgment on count I); Doc. 258 at 160 (granting defendants summary judgment on counts IV and VI); (b) dismiss the *FFL* plaintiffs' claims that the statutory registration process violates the Fourteenth Amendment because it failed to provide them with adequate notice and is void for vagueness, *FFL* Doc. 75 at 34; and (c) dismiss with prejudice those claims brought by *FFL* plaintiff Debra Clark, *FFL* Doc. 79, notwithstanding that the Rule 58 judgment does not reflect these parties and claims.

## CONCLUSION

The court has appellate jurisdiction, but the district court did not fully comply with Rules 58 and 65. Notwithstanding that, there is no need for a remand, as the parties' rights and obligations are made sufficiently clear by the court's opinion and prior orders. If the court does issue a limited remand, it should either resolve defendants' motion for a stay pending appeal or enter an administrative stay while the case is remanded.

        Respectfully submitted,

        KWAME RAOUL
        Attorney General
        State of Illinois

By:   /s/ Megan L. Brown
       MEGAN L. BROWN
       Assistant Attorney General
       115 South LaSalle Street
       Chicago, Illinois 60603
       (224) 204-9642 (office)
       (312) 415-6318 (cell)
       Megan.Brown@ilag.gov

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on December 2, 2024, I electronically filed the foregoing memorandum with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I certify that the other participants in this appeal are CM/ECF users and will be served by the CM/ECF system.

/s/ Megan L. Brown
MEGAN L. BROWN
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(224) 204-9642 (office)
(312) 415-6318 (cell)
Megan.Brown@ilag.gov