# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| CALEB BARNETT, et al., <br><br>*Plaintiffs-Appellees*, <br><br>v. <br><br>KWAME RAOUL, et al., <br><br><br><br>*Defendants-Appellants*. | Nos. 24-3060, 24-3061, 24-3062, 24-3063 (consol.) |

### PLAINTIFFS-APPELLEES' MEMORANDUM IN RESPONSE TO COURT'S NOVEMBER 14, 2024, ORDER

Plaintiffs-Appellees submit this memorandum pursuant to this Court's Order dated November 14, 2024, requesting input as to whether the Court should remand this consolidated appeal so the district court may re-issue judgment in compliance with Federal Rule of Civil Procedure 65(d). CA7.Dkt.3. While the district court's judgment does not comply with the technical requirements of Rule 65(d), the district court's comprehensive findings of fact and conclusions of law clearly declare the respective rights of the parties; combined with the district court's judgment, the findings of fact and conclusions of law provide final resolution on the merits. Accordingly, this Court has appellate jurisdiction to proceed to briefing on the merits notwithstanding the district court's non-compliance with Rule 65(d) should it wish

to do so. But Plaintiffs-Appellees do not oppose a limited remand for the district court to enter a compliant judgment should the Court prefer that course.

## BACKGROUND

This consolidated appeal involves a Second Amendment challenge to the Protect Illinois Communities Act ("PICA"), which prohibits the possession and use of long-lawful firearms and magazines. Plaintiffs filed four separate lawsuits requesting preliminary injunctions against enforcement of that law by various state and local officials. *See Bevis v. City of Naperville*, 85 F.4th 1175, 1186-87 (7th Cir. 2023), *cert. denied sub nom. Harrel v. Raoul*, 144 S.Ct. 2491 (2024). The district court granted Plaintiffs a preliminary injunction. *Id.* On appeal, this Court aligned those four suits in the Southern District with two suits in the Northern District that challenged both PICA and similar municipal ordinances, homed in on the state statute, and ruled in favor of the state. *Id.* at 1202-03. In doing so, however, the Court made clear that the cases should proceed; the Court remanded for additional factfinding, "stressing" that it had taken "just a preliminary look" at the issues and that a complete record "might change the analysis" altogether. *E.g.*, *id.* at 1197.

On remand in the Southern District of Illinois, with Judge McGlynn presiding, the parties conducted months of extensive discovery and developed a comprehensive record. In addition to the hundreds of productions made, the nearly 30 expert reports drafted and exchanged, and the numerous depositions taken, the parties presented

four full days of live witness testimony and argument to the district court. Dkts.234, 236, 240-41. The parties also filed more than 400 pages of post-trial briefing, Dkts.247-255, which culminated in a nearly 170-page decision from the district court, Dkt.258, as well as a separate formal judgment, Dkt.259.

In its findings of fact and conclusions of law, the district court discussed the governing precedents from the Supreme Court and this Court in painstaking detail, Dkt.258 at 9-57, analyzed all the relevant and determinative terms and legal concepts, Dkt.258 at 57-86, reviewed the parties' arguments, Dkt.258 at 86-99, and granted Plaintiffs a permanent injunction, Dkt.258 at 167-68. In particular, after "considering *all* of the evidence," the court concluded that the weapons the state has banned are "Arms" presumptively protected by the Second Amendment and that "the nation's history and tradition of firearms regulation does *not* support" the state's law. Dkt.258 at 100-18, 151. The court also provided a thorough discussion of its permanent injunction against PICA. Dkt.258 at 160-67. Concluding that there was no "reasonable way to sever the offensive portions of PICA such that what remains would have been enacted by the legislature or is operative as a law," the court enjoined the state from enforcing PICA in its entirety. Dkt.258 at 165. The court then issued a separate judgment, which makes internal reference to the findings of fact and conclusions of law and declares that "judgment is entered in favor of … Plaintiffs" and "against … Defendants." Dkt.259.

3

## ARGUMENT

Although the judgment entered by the district court does not technically comply with Federal Rule of Civil Procedure 65(d), that technical deficiency does not divest this Court of jurisdiction. Rule 65(d) requires "[e]very order granting an injunction" to "state the reasons why it issued," to "state its terms specifically," and to "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). The district court's judgment does not formally state the reasons why it issued an injunction; nor does it state the terms of the injunction specifically. Dkt.259. Instead, it provides an internal reference to its findings of fact and conclusions of law in support of its judgment. *See id.* That form of judgment is technically not compliant with Rule 65(d). *See MillerCoors LLC v. Anheuser-Busch Companies, LLC*, 940 F.3d 922, 922-23 (7th Cir. 2019) (listing cases); *Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 676 (7th Cir. 2019) ("Rule 65(d) requires that the injunction itself contain enough information to render its scope clear.").

The district court's "failure to meet the specificity" or separate-document requirements of Rule 65(d) does not, however, "deprive" this Court of jurisdiction, as "compliance with Rule 65 and appellate jurisdiction are two different things." *Auto Driveaway*, 928 F.3d. at 677-78. "[W]hat matters for jurisdiction is the

4

practical effect of the order." *Id.* at 677. The district court's findings of fact and conclusions of law, which it incorporated into its formal judgment, lay out the rights of the parties, holding that PICA violates Plaintiffs' Second Amendment rights. Dkt.258 at 100-59. It also delineates the scope of the permanent injunction, which covers the entirety of PICA and prohibits enforcement of any of its provisions by any of the defendants. Dkt.258 at 160-67. The judgment thus "had the practical effect of an injunction on the [government] parties, despite the district court's failure to comply with the letter of Rule 65(d)." *Auto Driveaway*, 928 F.3d at 678. That is "ample for purposes of appellate jurisdiction," so there is "no need to remand this case to cure the Rule 65(d) defect." *Id.*; *see also Int'l Ass'n of Fire Fighters, Loc. 365 v. City of E. Chicago*, 56 F.4th 437, 446 n.2 (7th Cir. 2022) (holding that despite failure to comply with Rule 65(d), "the district court's opinion contains enough content to permit effective enforcement" and to confirm "appellate jurisdiction").

That said, Plaintiffs do not oppose a limited remand so the district court may re-issue judgment in full compliance with Rule 65(d) should this Court prefer that course. The Court certainly has authority to order a limited remand for that purpose, *see, e.g.*, *MillerCoors LLC*, 940 F.3d at 923, and perhaps doing so might narrow the issues on appeal, *see* CA7.Stay.Opp.9, 21. Plaintiffs accordingly have no objection to whichever way this Court prefers to proceed.

## CONCLUSION

For the foregoing reasons, the Court should order a limited remand, or proceed to briefing on the merits.

Respectfully submitted,

| | |
|---|---|
| | s/*Erin E. Murphy* |
| ANDREW A. LOTHSON | PAUL D. CLEMENT |
| SWANSON, MARTIN & BELL, LLP | ERIN E. MURPHY |
| 330 N. Wabash | *Counsel of Record* |
| Suite 3300 | MATTHEW D. ROWEN |
| Chicago, IL 60611 | NICHOLAS A. AQUART[*] |
| alothson@smbtrials.com | CLEMENT & MURPHY, PLLC |
| | 706 Duke Street |
| GARY C. PINTER | Alexandria, VA 22314 |
| SWANSON, MARTIN & BELL, LLP | (202) 742-8900 |
| 103 W. Vandalia Street | erin.murphy@clementmurphy.com |
| Suite 215 | |
| Edwardsville, IL 62025 | [*] Supervised by principals of the firm who are members of the Virginia Bar |
| (618) 655-3131 | |

*Counsel for Plaintiffs-Appellees Caleb Barnett, et al.*

| | |
|---|---|
| DAVID G. SIGALE | DAVID H. THOMPSON |
| LAW FIRM OF DAVID G. SIGALE, P.C. | PETER A. PATTERSON |
| 55 West 22nd Street, Suite 230 | WILLIAM V. BERGSTROM |
| Lombard, IL 60148 | COOPER & KIRK, PLLC |
| (630) 452-4547 | 1523 New Hampshire Ave. NW |
| | Washington, D.C. 20036 |
| | (202) 220-9600 |

*Counsel for Plaintiffs-Appellees Dane Harrel, et al.*

| | |
|---|---|
| MARK L. SHAW, ESQ.<br>JENNIFER CRAIGMILE NEUBAUER, ESQ.<br>MICHAEL A. DANFORTH, ESQ.<br>SHAW LAW LTD.<br>33 North County Street, Suite 300<br>Waukegan, Illinois 60085<br>(847) 244-4696 | SEAN A. BRADY, ESQ.<br>C.D. MICHEL, ESQ.<br>KONSTADINOS T. MOROS, ESQ.<br>MICHEL & ASSOCIATES, P.C.<br>180 East Ocean Blvd., Suite 200<br>Long Beach, CA 90802 |

*Counsel for Plaintiffs-Appellees Federal Firearms Licensees of Illinois, et al.*

THOMAS G. MAAG
MAAG LAW FIRM, LLC
22 West Lorena Avenue
Wood River, IL 62095
(618) 216-5291

*Counsel for Plaintiffs-Appellees Jeremy W. Langley, et al.*

# CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Erin E. Murphy
Erin E. Murphy
