# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| CALEB BARNETT, et al., | ) |
| *Plaintiffs-Appellees*, | ) ) ) |
| v. | ) Nos. 24-3060, 24-3061, 24-3062, ) 24-3063 (consol.) ) |
| KWAME RAOUL, et al., | ) ) ) |
| *Defendants-Appellants*. | ) ) |

## PLAINTIFFS-APPELLEES' MOTION TO SET A BRIEFING SCHEDULE

Plaintiffs-Appellees respectfully request that the Court issue a briefing schedule for this consolidated appeal. It has been nearly five months since this Court suspended briefing "pending further court order," Dkt.3, and nearly four months since it granted the State's motion to stay pending appeal the permanent injunction the district court duly entered following a trial on the merits, Dkt.22. The net effect of those orders has been to provide the State a grace period longer than the entire default period for appellate briefing, during which time the State has been able to enforce a law that Plaintiffs claim—and the district court agreed after a trial on remand from this Court—is unconstitutional, without having to defend the law on the merits. This case has sat in purgatory long enough.

This Court is familiar with the case, but as a brief reminder: After the district court entered a preliminary injunction against the enforcement of the so-called Protect Illinois Communities Act ("PICA"), the State swiftly requested, No. 23-1825 Dkt.6, and this Court swiftly granted, *id.* Dkt.9, a stay of that injunction pending appeal. Consistent with the extraordinary nature of such relief, however, the Court put the initial appeal on the fast-track: The Court ordered the parties to file briefing on a highly expedited basis, *see id.* Dkt.7; *see also id.* Dkt.30, held oral argument less than a week after briefing closed, *see id.* Dkts.31, 109, and issued its opinion just a few months later, *see id.* Dkt.125, vacating and remanding for further proceedings, *see Bevis v. City of Naperville*, 85 F.4th 1175 (7th Cir. 2023).

On remand, the parties developed the more comprehensive record this Court's initial opinion contemplated—one of the most comprehensive records in any post-*Bruen* Second Amendment challenge to date—and did so with alacrity: The district court convened a trial that concluded in September 2024, less than a year after this Court's mandate issued. And, after reviewing the voluminous record and hearing four days of live testimony and argument, the district court found as a matter of fact and law that PICA regulates "Arms" as defined by the Second Amendment and is not consistent with this Nation's historical tradition of firearm regulation. The district court therefore entered a permanent injunction against PICA's enforcement.

As it did the first time around, the State quickly appealed and filed an emergency motion asking this Court to stay the injunction pending appeal. No. 24-3060 Dkt.7. This Court granted that request, staying the injunction via order entered December 5, 2024. *Id.* Dkt.22. Since then, however, the State has not done anything to move its appeal along, let alone sought the kind of expedition that is appropriate when a final judgment in a case concerning constitutional rights has been stayed pending appeal.

It is time for this case to proceed. To be sure, the Court originally expressed some concerns about its jurisdiction: Even before the State filed its stay motion, this Court entered an order "on its own motion" on November 14, 2024, declaring that "the judgments in these cases are deficient" because "[t]he injunction" was not "set forth in a document separate from the court's opinion." *Id.* Dkt.3. The Court thus ordered the parties to file jurisdictional briefs and suspended merits briefing "pending further court order." *Id.* But the concerns underlying that order, and the corresponding decision to suspend briefing, have long since been resolved. In response to this Court's December 5 order, in which the Court noted that it "trust[ed] that the district court will enter appropriate orders promptly without the need for a formal command by this court," Dkt.22 at 2, the district court did exactly that: It responded by entering a permanent injunction and separate clerk's judgment that fully comply with Rule 65 and this Court's caselaw. *See* Dist.Ct.Dkts.270, 271, 272.

3

Nevertheless, some four months later, no further order regarding the parties' briefing obligations has been lodged. Plaintiffs-Appellees respectfully move for the entry of an order setting a briefing schedule so the State can finally be put to its burden to argue its appeal, and so that Plaintiffs-Appellees may finally present argument in defense of the district court's well-reasoned and evidenced judgment below and their constitutional rights to keep and bear long-lawful arms.

Respectfully submitted,

s/*Erin E. Murphy*

| | |
|---|---|
| ANDREW A. LOTHSON | PAUL D. CLEMENT |
| SWANSON, MARTIN & BELL, LLP | ERIN E. MURPHY |
| 330 N. Wabash, Suite 3300 | MATTHEW D. ROWEN |
| Chicago, IL 60611 | NICHOLAS A. AQUART* |
| alothson@smbtrials.com | CLEMENT & MURPHY, PLLC |
| | 706 Duke Street |
| GARY C. PINTER | Alexandria, VA 22314 |
| SWANSON, MARTIN & BELL, LLP | (202) 742-8900 |
| 103 W. Vandalia Street, Suite 215 | erin.murphy@clementmurphy.com |
| Edwardsville, IL 62025 | |
| (618) 655-3131 | * Supervised by principals of the firm who are members of the Virginia Bar |

*Counsel for Plaintiffs-Appellees Caleb Barnett, et al.*

4

<div style="display: flex;">

DAVID G. SIGALE
LAW FIRM OF
DAVID G. SIGALE, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
630.452.4547

DAVID H. THOMPSON
PETER A. PATTERSON
WILLIAM V. BERGSTROM
COOPER & KIRK, PLLC
1523 New Hampshire Ave. NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601

</div>

*Counsel for Plaintiffs-Appellees Dane Harrel, et al.*

MARK L. SHAW, ESQ.
JENNIFER CRAIGMILE NEUBAUER, ESQ.
MICHAEL A. DANFORTH, ESQ.
SHAW LAW LTD.
33 North County Street, Suite 300
Waukegan, Illinois 60085
(T): (847) 244-4696
(F): (847) 244-4673

SEAN A. BRADY, ESQ.
C.D. MICHEL, ESQ.
KONSTADINOS T. MOROS, ESQ.
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802

*Counsel for Plaintiffs-Appellees Federal Firearms Licensees of Illinois, et al.*

THOMAS MAAG
MAAG LAW FIRM, LLC
22 West Lorena Avenue
Wood River, IL 62095
618-216-5291
tmaag@maaglaw.com

*Counsel for Plaintiffs Jeremy W. Langley, Timothy B. Jones, and Matthew Wilson*

5

# CERTIFICATE OF COMPLIANCE
# WITH TYPE-VOLUME LIMITATION

I hereby certify that:

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 702 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font.

April 4, 2025

<div style="text-align:right">

s/Erin E. Murphy
Erin E. Murphy

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<div style="text-align: right;">
s/Erin E. Murphy<br>
Erin E. Murphy
</div>