No. 24-3060, 24-3061, 24-3062, 24-3063

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

———————

CALEB BARNETT, et al.,

*Plaintiffs-Appellees*,

v.

KWAME RAOUL, Attorney General of Illinois,
and BRENDAN F. KELLY, Director of the Illinois State Police,

*Defendants-Appellants*.

———————

On Appeal from the United States District Court for the
Southern District of Illinois,
No. 23-cv-00209

———————

## AMENDED JURISDICTIONAL STATEMENT

———————

PAUL D. CLEMENT
ERIN E. MURPHY
MATTHEW D. ROWEN
NICHOLAS A. AQUART
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
erin.murphy@clementmurphy.com

*Counsel for Plaintiffs-Appellees*

June 10, 2025

The state's jurisdictional statement is accurate, but incomplete, because it does not note that the district court had jurisdiction under both 28 U.S.C. §1331 and 28 U.S.C. §1343, and that this Court has jurisdiction under 28 U.S.C. §1291.

The district court had jurisdiction over this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 because the case presents a challenge to an Illinois statute, the "Protect Illinois Communities Act," under the Second and Fourteenth Amendments to the United States Constitution. *See Barnett v. Raoul*, No. 3:23-cv-00209-SPM (S.D. Ill. Jan. 24, 2023), Dkt.1.

On November 8, 2024, following a four-day bench trial in which this case was consolidated with three others, the district court entered judgment against the state Defendants on Plaintiffs' Second Amendment claims and enjoined the state Defendants from enforcing the challenged law. SA1-168; *Barnett* Dkts.258-59. The district court entered judgment on the same day pursuant to Federal Rule of Civil Procedure 58, *see* SA172-74; no party filed a motion to alter or amend the judgment. Also on November 8, 2024, the state defendants filed a timely notice of appeal. *Barnett* Dkt.260; *see* 28 U.S.C. §2107(a); Fed. R. App. P. 4(a)(1)(A).

On November 14, 2024, this Court noted that the judgment the district court had entered was deficient, and ordered the parties to file memoranda stating why the appeal should not be remanded to the district court to enter proper judgment(s). CA7.Dkt.3. All parties agreed that this Court had jurisdiction notwithstanding the

district court's incomplete compliance with Rules 58 and 65. *See* CA7.Dkts.19-20 (Dec. 2, 2024). This Court ultimately agreed as well, retaining jurisdiction over the appeals but suggesting that the district court "enter appropriate orders promptly without the need for a formal command by this court." CA7.Dkt.22 at 2 (Dec. 5, 2024). On December 9, 2024, the district court entered a new permanent injunction order and separate judgment. *Barnett* Dkts.270-72; SA185-88.

This Court has jurisdiction under 28 U.S.C. §1291 because the district court's decision and order disposed of all claims against all parties.

Respectfully submitted,

s/Erin E. Murphy
Paul D. Clement
Erin E. Murphy
Matthew D. Rowen
Nicholas A. Aquart
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
erin.murphy@clementmurphy.com

*Counsel for Appellees*

# CERTIFICATE OF COMPLIANCE
# WITH TYPE-VOLUME LIMITATION

1. This amended jurisdictional statement complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) and Circuit Rule 32(c) because, according to the "word count" function of Microsoft Word 2016, it contains 336 words, excluding the parts that Federal Rule of Appellate Procedure 32(f) exempts from the word count. Together with the *Barnett* Appellees' brief, CA7.Dkt.56, the two filings contain a combined 13,925 words, excluding the parts that Federal Rule of Appellate Procedure 32(f) exempts from the word count.

2. This amended jurisdictional statement complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

June 10, 2025

s/Erin E. Murphy<br>Erin E. Murphy

# CERTIFICATE OF COMPLIANCE WITH CIRCUIT RULE 30(d)

Pursuant to Circuit Rule 30(d), counsel certifies that all materials required by Circuit Rule 30(a) and (b) are included in the appendix.

June 10, 2025

s/Erin E. Murphy
Erin E. Murphy

# CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Erin E. Murphy
Erin E. Murphy
