**Nos. 24-3060, 24-3061, 24-3062, 24-3063**

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

_____

CALEB BARNETT, et al.,

       *Plaintiffs-Appellees*,

v.

KWAME RAOUL, Attorney General of Illinois,
and BRENDAN F. KELLY, Director of the Illinois State Police,

       *Defendants-Appellants*.

_____

On Appeal from the United States District Court for the
Southern District of Illinois,
No. 3:23-cv-215-SPM

_____

**AMENDED JURISDICTIONAL STATEMENT OF APPELLEES FEDERAL FIREARMS LICENSEES OF ILLINOIS, GUNS SAVE LIFE, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, PIASA ARMORY, JASMINE YOUNG, AND CHRIS MOORE**

_____

C.D. Michel
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
(562) 216-4444
cmichel@michellawyers.com
*Counsel for* Federal Firearms Licensees of Illinois *Appellees*

June 13, 2025

The jurisdictional statement in Appellants' brief is not complete and correct because it does not state that the district court had jurisdiction under 28 U.S.C. §§ 1331 *and* 1343(a)(3) and that this Court has jurisdiction under 28 U.S.C. § 1291.

This action challenges the "Protect Illinois Communities Act" ("PICA") under the Second and Fourteenth Amendments to the United States Constitution. Because this suit arises under the Constitution and laws of the United States, the district court had original jurisdiction under 28 U.S.C. § 1331. *See* Complaint at 4, *Federal Firearms Licensees of Ill. v. Pritzker*, No. 3:23-cv-215 (S.D. Ill. Jan. 24, 2023), Doc. No. 1. And because this is a 42 U.S.C. § 1983 action brought to redress the deprivation of constitutional rights under the color of law, the lower court also had jurisdiction pursuant to 28 U.S.C. § 1343(a)(3). *Id.*

On November 8, 2024,[1] the district court granted all Plaintiffs' requests for a permanent injunction, enjoined enforcement of the challenged law, and directed the clerk to enter judgment for Plaintiffs. SA1-168; *see also FFL-IL*, Doc. No. 85. The same day, the district court entered judgment under Rule 58 of the Federal Rules of Civil Procedure. SA178-80; *FFL-IL*, Doc. No. 86. No party moved to alter or amend the judgment. Instead, the State Defendants immediately filed timely notices of appeal in all four consolidated matters on November 8, 2024. *See, e.g.*, *FFL-IL*, Doc. No. 87; 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A) ("[T]he notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").

---

[1] After a bench trial in which this case was consolidated with *Harrel v. Raoul*, No. 23-141, *Langley v. Kelly*, No. 23-cv-192, and *Barnett v. Raoul*, No. 23-cv-209.

As the State Defendants-Appellants explained in their Opening Brief, AG.Br.3-4, this Court noted that the district court's judgment was deficient. CA7.Doc. 3 (Nov. 14, 2024). The Court thus ordered the parties to file memoranda explaining why the appeal should not be remanded to the district court to enter proper judgments. *Id.* The parties argued that this Court had jurisdiction, notwithstanding the district court's incomplete compliance with Federal Rules 58 and 65. *See* CA7.Docs.19-20 (Dec. 2, 2024). This Court agreed, retaining jurisdiction over the appeal. 7th Cir. Doc. 22 at 2 (Dec. 5, 2024). On this Court's suggestion that the district court "enter appropriate orders promptly without the need for a formal command by this court," the district court entered an "Amended Judgment in a Civil Action," issuing a new permanent injunction order and separate judgment on December 9, 2024. SA193-96; *FFL-IL*, Doc. 93.

This Court has jurisdiction over this matter under 28 U.S.C. § 1291 because the district court's decision and order disposed of all claims against all parties.

Respectfully submitted,

/s/ C.D. MICHEL
C.D. Michel
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
(562) 216-4444
cmichel@michellawyers.com

Counsel for *Federal Firearms Licensees of Illinois* Appellees

3

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

1.     This Amended Jurisdictional Statement complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) and Circuit Rule 32(c) because, according to the "word count" function of Microsoft Word 365, it contains 467 words, excluding the parts that Federal Rule of Appellate Procedure 32(f) exempts from the word count. Together with the *FFL-IL* Appellees' brief, CA7.Doc.60, the two filings contain 3,755 words, excluding the parts that Federal Rule of Appellate Procedure 32(f) exempts from the word count.

2.     This amended jurisdictional statement complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

June 13, 2025                                         /s/ C.D. MICHEL
                                                              C.D. Michel

## CERTIFICATE OF COMPLIANCE WITH CIRCUIT RULE 30(d)

Pursuant to circuit rule 30(d), counsel certifies that all materials required by circuit rule 30(a) and (b) are included in the appendix

June 13, 2025                                   s/ C.D. Michel
                                                C.D. Michel

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ C.D. Michel
C.D. Michel