# Cooper & Kirk
Lawyers
A Professional Limited Liability Company

David H. Thompson      1523 New Hampshire Avenue, N.W.      (202) 220-9600
dthompson@cooperkirk.com      Washington, D.C. 20036      Fax (202) 220-9601

August 22, 2025

**VIA CM/ECF**
Office of the Clerk of the Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Room 2722
Chicago, IL 60604

    Re:     *Barnett v. Raoul*, Nos. 24-3060, No. 24-3061, No. 24-3062, No. 24-3063 (consol.)

    Harrel Appellees bring to this Court's attention the Sixth Circuit's recent decision in *United States v. Bridges*, ___ F.4th ___, 2025 WL 2250109 (6th Cir. Aug. 7, 2025). In that case, a defendant argued that his conviction for possessing an automatic weapon should be reversed on Second Amendment grounds. *Id.* at *1. The Sixth Circuit affirmed the conviction, but it rejected the reasoning of *Bevis v. City of Naperville*, 85 F.4th 1175 (7th Cir. 2023), and created a circuit split, *Bridges*, 2025 WL 2250109 at *5; *id.* at *25 (Nalbandian, J., concurring in part); *see* Harrel Br. at 14–24.

    Applying *Bruen*, the Sixth Circuit concluded that automatic weapons are "Arms" within the plain meaning of the Second Amendment's text. *Bridges*, 2025 WL 2250109, at *5. Though "the modern, fully automatic machinegun would not be invented until 1884," the word "'Arms' in the Second Amendment extends 'to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding.'" *Id.* (quoting *District of Columbia v. Heller*, 554 U.S. 570, 582 (2008)). "Indeed, to the founding generation, '*all* firearms constituted arms.'" *Id.* (emphasis added) (quoting *Heller*, 554 U.S. at 581–82); *accord* Harrel Br. 15–18. Thus "the Second Amendment's plain text covers Bridges's possession of a

machinegun," even though the Court later concluded that barring possession of automatic machineguns was consistent with the *historical* regulation of dangerous and unusual weapons. *Bridges*, 2025 WL 2250109, at *5–7.

Judge Nalbandian's concurrence explicitly stated why the panel opinion was inconsistent with *Bevis*. In *Bevis*, this Court held that dangerous and unusual weapons "aren't even 'arms' within the Second Amendment's meaning," but that "analysis d[id] not faithfully implement *Bruen*'s instructions" because "[s]tep 1 concerns the *semantic content* of the Second Amendment's *text*." *Id.* at *25 (Nalbandian, J., concurring in part) (citing *Bevis*, 85 F.4th at 1192–96). Thus, Judge Nalbandian "agree[d] with the majority on" this "important point." *Id.*

The Sixth Circuit's conclusion splits with *Bevis* and thus supports reconsideration of *Bevis*'s methodology. *See* State Defs.' Reply Br. at 25–26.

Sincerely,

*/s/ David H. Thompson*
David H. Thompson
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com

*Counsel for Appellees C4 Gun Store, LLC, Firearms Policy Coalition, Dane Harrel, Illinois State Rifle Association, Marengo Guns, Inc. and Second Amendment Foundation*

cc: All counsel of record via CM/ECF

# CERTIFICATE OF COMPLIANCE

This letter complies with Federal Rule of Appellate Procedure 28(j) because its body contains 345 words.

*/s/ David H. Thompson*
David H. Thompson

*Counsel for Appellees C4 Gun Store, LLC, Firearms Policy Coalition, Dane Harrel, Illinois State Rifle Association, Marengo Guns, Inc. and Second Amendment Foundation*

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(d), I hereby certify that on August 22, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the Appellate CM/ECF system. Service for all parties has been accomplished via ECF.

*/s/ David H. Thompson*
David H. Thompson

*Counsel for Appellees C4 Gun Store, LLC, Firearms Policy Coalition, Dane Harrel, Illinois State Rifle Association, Marengo Guns, Inc. and Second Amendment Foundation*