**Clement & Murphy**
PLLC

September 5, 2025

**VIA ECF**

Mr. Christopher G. Conway
Clerk of the Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Room 2722
Chicago, Illinois 60604

      Re:    *Barnett v. Raoul*, Nos. 24-3060, 24-3061, 24-3062, 24-3063

Dear Mr. Conway,

      The Second Circuit's decision in *NAGR v. Lamont* supplies no basis to uphold Illinois' arms bans. At the threshold, *Lamont* cabined its holding to Connecticut's ban on "AR-15-style rifles," one specific "firearm in Plaintiffs' intended configuration, and [10-plus-round] magazines." 2025 WL 2423599 at *8. *Lamont* therefore has no application to PICA's ban on pistols, shotguns, and non-AR-15-style rifles. *See* Dkt.56.4-6, 21-22.

      *Lamont* also refused to endorse Illinois' primary argument that a ban on common firearms and magazines does not even implicate the Second Amendment. 2025 WL 2423599, at *13. And it refused to "venture" into the kind of fact-bound analysis that this Court demanded in *Bevis v. Cty of Naperville*, 85 F.4th 1175, 1194 (7th Cir. 2023) to determine whether "the desired firearms and magazines are bearable arms," *Lamont*, 2025 WL 2423599, at *6, 13. To follow *Lamont* here would thus require the Court to rebuke *Bevis*, and ignore the overwhelming evidence Plaintiffs produced pursuant to *Bevis*, which proved at trial that the firearms and magazines PICA bans are not only arms that people would (and actually do) keep for lawful purposes, Dkt.56.17-23, 26-28, but that they are not "exclusively or predominantly useful in military service," Dkt.56.29-37.

      As to historical tradition, *Lamont* acknowledged that there is no "distinctly similar historical regulation" to support a complete ban on common arms. 2025 WL 2423599 at *14. It likewise acknowledged that historical laws involving concealed or open carry restrictions—like those Illinois cites—"are" clearly "distinguishable" from complete bans. *Id.* at *14, 22. Yet, under its "nuanced" approach, none of that mattered because AR-15s are, in the panel's view, "unusually dangerous" militaristic arms. *Id.* at *17-18, 22. But that was only so because the *Lamont* plaintiffs did "not offer[]evidence" sufficient to show that "the AR-15" is different from military arms, namely "the M-16." *Id.* at *17-18. By contrast, Plaintiffs here supplied substantial evidence proving that AR-15s are "[t]otally different" from military arms, Dkt.56.31-42. Indeed, the AR-15 is the people's chosen rifle because they are "easier" for civilians "to use," deliver "greater accuracy," and provide

---

superior "self-defense utility." Dkt.56.18-21. *Lamont*'s contrary finding does not magically render the district court's well-evidenced decision here clearly erroneous.

           Respectfully,

           <u>s/Erin E. Murphy</u>
           Erin E. Murphy

           *Counsel for the Barnett Appellees*

Cc: All Counsel of Record