March 11, 2026

**Via CM/ECF**

Mr. Christopher G. Conway
Clerk of the Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Room 2722
Chicago, IL 60604

      Re:    *Barnett v. Raoul*, Nos. 24-3060, 24-3061, 24-3062, 24-3063

Dear Mr. Conway:

On March 5, 2026, the D.C. Court of Appeals held in *Benson v. United States* that the District's ban on magazines capable of holding more than 10 rounds of ammunition violates the Second Amendment.

At the threshold, the court held that "[m]agazines of all capacities are … arms covered by the plain text of the Second Amendment" because they plainly "facilitate[] armed self-defense." 2026 WL 628772, at \*7; *see N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 28 (2022). That conclusion squarely conflicts with this Court's "preliminary" assessment in *Bevis v. City of Naperville* that "high-capacity magazines" are likely not covered "at the first step of the *Bruen* analysis" because they are too much like "military-grade weaponry." 85 F.4th 1175, 1195, 1197 (7th Cir. 2023).

Turning to "common use," the D.C. court explained that a bearable instrument that "ranks among the most popular arms possessed by law-abiding citizens" and is lawful in most states fits comfortably within any understanding of "common use." *Benson*, 2026 WL 628772, at \*9. That conclusion confirms that, despite *Bevis*'s preliminary assessment, the magazines Illinois has banned are fully protected, because "ordinary people would [and do] keep [them] at home for self-defense." *Bevis*, 85 F.4th at 1194.

Finally, on historical tradition, the D.C. court rejected reliance on several purported historical analogues, including the same restrictions on Bowie knives that the state invokes here. As the court explained, "no state banned those knives outright, so"—as with most historical restrictions of supposedly "unusually dangerous" weapons—the "analogy falls flat when it comes to the 'how' of these historical regulations." *Benson*, 2026 WL 628772, at \*13; *see also Bevis*, 85 F.4th at 1217-18, 1227-28 (Brennan, J., dissenting) (reaching same conclusions).

In short, the D.C. Court of Appeals held that "[j]ust as handguns cannot be banned because they are 'the most preferred [type of] firearm in the nation,' … the 11+ magazines that tend to accompany them are the most preferred type of magazine and likewise cannot be banned." *Benson*, 2026 WL 628772, at \*11 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 628-29 (2008)).

Respectfully submitted,

s/Erin E. Murphy
Erin E. Murphy
CLEMENT & MURPHY PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
erin.murphy@clementmurphy.com

Cc: All counsel of record (*via CM/ECF*)